110 F.3d 60
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glenn Calvin LAWHORN, Jr., Plaintiff-Appellant,
v.
Rufus R. FLEMING, Warden; Nottoway Correction Al Center,
Defendants-Appellees.
 No. 96-7826.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 27, 1997.
Decided April 4, 1997.
 
 Glenn Calvin Lawhorn, Jr., Appellant Pro Se. Pamela Anne Sargent, Assistant Attorney General, Richmond, VA, for Appellees.
 Before RUSSELL, LUTTIG, and MICHAEL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant filed an untimely notice of appeal. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R.App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R.App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R.App. P. 4(a)(5) or reopens the appeal period under Fed. R.App. P. 4(a)(6).
 
 
 2
 The district court entered its order on September 27, 1996; Appellant's notice of appeal was filed on November 27, 1996.* Appellant's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of Appellant's appeal. We therefore dismiss the appeal. Additionally, we deny Appellant's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 Appellant's notice of appeal specifically states that he is appealing the September 27, 1996, order. However, to the extent Appellant seeks to appeal the district court's November 15, 1996, order denying relief under Fed.R.Civ.P. 60(b), we find that the district court did not abuse its discretion in denying the motion